**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaShauna Coleman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>American Home Mortgage Servicing, Inc., et al.,<br><br>　　　　Defendants. | No. CV 09-2692 PHX DGC<br><br><br><br>**ORDER** |

Plaintiff LaShauna Coleman has filed a motion for expedited discovery (Dkt. #6), a motion for sanctions (Dkt. #28), and a motion for default judgment (Dkt. #29). For the reasons that follow, the Court will deny the motions.

Plaintiff has not shown that expedited discovery is warranted in this case, particularly since the Court denied her request for a temporary restraining order at the hearing held on February 11, 2010. *See Barber v. Arkin*, No. CV-08-1896-PHX-DGC, 2008 WL 4737882 (D. Ariz. Oct. 29, 2008).

Plaintiff seeks substantial monetary sanctions, totaling some $5,480,000, against all Defendants for failing to comply with Federal Rule of Civil Procedure 7.1, against Defendant Sand Canyon for failing to comply with Arizona Rule of Civil Procedure 5.1(a)(1), and against Defendant Wells Fargo Bank, N.A. for filing a forcible detainer action in state court while this action was pending. Plaintiff has not shown that significant monetary penalties are warranted for the alleged violations of LRCiv. 7.1, a rule which governs the forms of

papers filed in this Court, nor has she shown that any such violations prejudiced her case in any respect. The Court will not impose monetary sanctions for an alleged violation of Arizona Rule of Civil Procedure 5.1(a)(1), which does not apply in this Court. Nor will the Court sanction Wells Fargo for filing a forcible detainer action that remains pending before another judge, particularly in light of Plaintiff's failure to show that she is likely to prevail on her claim that the trustee sale of her home should be set aside.

Finally, Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Obtaining default judgment is a two-step process. First, the Clerk of Court must enter the non-appearing party's default under Rule 55(a). Second, once the default has been entered, Plaintiff may request a default judgment and either the Clerk or the Court will enter default judgment under Rule 55(b), if appropriate. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the two-step process under Rule 55). In this case, the Clerk has not entered default under Rule 55(a). Plaintiff's request for judgment is therefore premature.

**IT IS ORDERED:**

1. Plaintiff's motion for expedited discovery (Dkt. #6) is **denied**.

2. Plaintiff's motion for sanctions against Defendants (Dkt. #28) is **denied**.

3. Plaintiff's motion for default judgment (Dkt. #29) is **denied**.

DATED this 16th day of February, 2010.

_____
David G. Campbell
United States District Judge