**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaShauna Coleman, | ) No. CV 09-2692 PHX DGC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| American Home Mortgage Servicing, | ) |
| Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court are a motion to dismiss by Defendants American Home Mortgage Servicing, Inc., Sand Canyon Corporation, Option One Mortgage, and Wells Fargo (Dkt. #16), a motion to dismiss by Defendants Quality Loan Servicing Corporation and DOCX (Dkt. #31), a motion for reconsideration by Plaintiff (Dkt. #40), and a motion for default judgment by Plaintiff (Dkt. #47). For reasons that follow, the Court will grant both motions to dismiss, deny the motion for reconsideration, and deny the motion for default judgment.

## I. Background.

Plaintiff purchased a single family home in Phoenix, Arizona, in 1994. Dkt. #14 at 5. In 2005, she refinanced her home with Defendant Option One. *Id.* On June 11, 2008, she received a letter stating that Option One would no longer be servicing her loan and that, instead, American Home would be responsible for servicing her loan and accepting her payments. *Id.*

On December 22, 2008, Plaintiff sent a letter to American Home, alleging that American Home was not the holder in due course of her mortgage, demanding that it cease and desist any collection activities, and requesting that it provide certain documents to her. *Id.* at 6. On February 5, 2009, Plaintiff sent another letter to American Home and to Option One stating that she was "rescinding" her loan transaction because, at closing, the actual lender was concealed "using subterfuge" and that, as a result, she had a right to rescind the contract. *Id.* On February 18, 2009, American Home responded with a letter stating that American Home is not required to comply with her demands, and speculating that Plaintiff likely encountered a "mortgage elimination" company that gave her the documentation she submitted. *Id.* On April 22, 2009, Plaintiff sent another letter to American Home, requesting that it provide her "with competent evidence that [she] [has] any legal obligation to pay." *Id.* She then sent a notice of cancellation, a notice of revocation of power of attorney and signature, a notice of removal of trustee, and other documents to American Home, Option One, and other Defendants.

On September 21, 2009, Plaintiff received a notice from Quality Loan Service Corporation – the collection agency for American Home – stating that Plaintiff was delinquent on her payments. Dkt. #2-1 at 7. On December 15, 2009, Wells Fargo sold Plaintiff's home at a trustee's sale on behalf of Quality and American Home.

Plaintiff sued Defendants in this Court on November 17, 2009. *See Coleman v. American Home Mortgage Servicing, Inc., et al.*, CV-09-02403-PHX-NVW. On December 2, 2009, Judge Wake dismissed her complaint because "[i]t does not allege that any of the defendants committed any specific acts and it does not identify what each defendant did that violates the law." *Id.*, Dkt. #7. Judge Wake granted Plaintiff leave to amend her complaint by December 18, 2010. *Id.* Plaintiff did not file an amended complaint.

Instead, on December 28, 2009, Plaintiff filed this lawsuit, alleging claims for fraud, misrepresentation, violation of 12 U.S.C. § 2605, mismanagement of funds, theft/conversion, and wrongful foreclosure, and demanding that Defendants deed the house back to her, void

her mortgage contract, cancel the trustee's sale, and pay her damages.  Dkt. #1.  Plaintiff has since filed an amended complaint alleging the same causes of action and seeking the same relief.  Dkt. #14.

**II.     Plaintiffs' Motion for Reconsideration.**

Plaintiff has filed a motion for reconsideration (Dkt. #40) of the order denying her motion to strike (Dkt. #24) one of the motions to dismiss, along with an "addendum" to her motion for reconsideration (Dkt. #51).   Motions for reconsideration are disfavored and should be granted only in rare circumstances.  *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009).  A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."  LR Civ 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted:  (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has failed to show that any of these four circumstances applies.  Rather, she makes the same arguments that made in her original motion to strike.  Dkt. #40.  This is not a sufficient basis for reconsideration of the Court's previous ruling.

## III. Motions to Dismiss.

Defendants Quality and DOCX have filed a motion to dismiss (Dkt. #31) and Plaintiff has responded (Dkt. #54). Defendants American Home, Sand Canyon, and Option One have also filed a motion to dismiss (Dkt. #16), Plaintiff has filed two responses (Dkt. ##33, 55), and Defendants have filed a reply (Dkt. #44). Defendant Wells Fargo Bank NA has also joined in the motion to dismiss (Dkt. #45), and Plaintiff objects to this joinder (Dkt. #49). No party has requested oral argument.

### A. Wells Fargo's Joinder.

The Court will accept Wells Fargo's joinder (Dkt. #45) in the motion to dismiss (Dkt. #16). Plaintiff objects to the joinder because Wells Fargo joined the motion one day after Wells Fargo was required to respond to her amended complaint. Dkt. #49 at 1-2 (Plaintiff arguing that the response was due on February 18, 2010). The authority she cites, Federal Rule of Civil Procedure 15(a), does not direct this Court to strike every late filing, particularly a filing that is one day late. Plaintiff also has failed to show that she has been prejudiced by Wells Fargo's slight delay in joining the motion to dismiss. The Court, in its discretion, will not strike Wells Fargo's joinder.

### B. Motions to Dismiss Generally.

With the exception of Carrington Mortgage Loan Inc. and Carrington Mortgage Loan Trust, who have not appeared in this action, all Defendants have moved for dismissal under Rule 12(b)(6). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover,

the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007).

Plaintiff's complaint asserts the following causes of action: fraud/misrepresentation, RESPA, mismanagement of funds, lack of interest and standing, theft/conversion, violation of due process under 42 U.S.C. § 1983, void/unenforceable contract due to fraud and unconscionability, breach of contract/non-disclosure, waiver, dishonor, tacit procuration, violations of fair debt practices and state statutes, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, mail/wire fraud, and adverse possession/quiet title. Dkt. #14. As with the complaint brought before Judge Wake, it is unclear from the face of the complaint which of these allegations are brought against which Defendants. Plaintiff makes all allegations against all Defendants.

The Court cannot find that Plaintiff's first amended complaint "give[s] the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest." *Twombly*, 550 U.S. at 555 (2007). The complaint does not identify which causes of action are brought against which Defendants, does not state what each Defendant did to make it liable, and does not make clear what injury Plaintiff suffered because of each cause of action. Dismissal is appropriate as it was in Judge Wake's case. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery").

### C.  Specific Arguments by Defendants.

In addition to arguing generally that Plaintiff's complaint fails to state a claim under Rule 12(b)(6), Defendants make more specific arguments as to why dismissal is warranted.

#### 1.  American Home, Sand Canyon, Option One, and Wells Fargo.

Defendants American Home, Sand Canyon, Option One, and Wells Fargo argue that they are entitled to dismissal because the trustee's sale has already occurred and, under Arizona law, the foreclosure of a lien by a non-judicial trustee's sale is final. *See* A.R.S. § 33-811(C). Under A.R.S. § 33-811(C), "[t]he trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale . . . shall waive all defenses and objections

to the sale not raised in an action that results in the issuance of a court order granting relief . . . entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale." These Defendants argue that they cannot be held liable for any injury to Plaintiff based on the trustee's sale because Plaintiff waived her rights pursuant to the statute.

Plaintiff makes two primary arguments in response: (1) that A.R.S. § 33-811 et seq. and A.R.S. § 33-809 are unconstitutional, and (2) that the trustee's sale was defective because it was based on a fraudulent assignment and, as a result, cannot be final. Neither argument is persuasive.

Plaintiff argues that A.R.S. § 33-811 et seq. and A.R.S. § 33-809 are "unconstitutional and defective on their faces because they seemingly do not provide a remedy for fraud" and because they waive her due process rights under the Fourteenth Amendment. Dkt. #33 at 4-5. Plaintiff fails to provide any legal authority in support of these arguments, and the Court does not find them convincing. The statutes do not eliminate Plaintiff's claim for fraud, but merely state that she must assert her claims in court before a trustee's sale. Arizona law requires that homeowners be given 90 days' notice of a trustee sale. A.R.S. § 33-808(C); A.R.S. § 33-809(C). Plaintiff does not dispute that she received such notice in this case. The intent of this notice requirement is to afford homeowners ample time to protect their interests. By providing that homeowners lose their rights by failing to act within the 90-day period, the statute did deprive Plaintiff of a fraud claim. She could have asserted the claim before the trustee's sale. Nor can Plaintiff claim that she was unaware of the alleged fraud. She purported to rescind her mortgage almost one year before the trustee's sale on the basis of deception.

Plaintiff's due process claim similarly fails. The state statutes afford her time to seek redress in court if she believes the trustee's sale is defective. She did not avail herself of that opportunity. She lost her rights because she failed to act in a timely manner, not because she

was denied due process of law.[1]

Plaintiff also contends that Defendants are not entitled to dismissal because the trustee's sale was based on a fraudulent assignment, meaning that the sale is not final. She also argues that the trustee's sale is invalid because it was "scheduled prior to the fraudulent retroactive assignment," which, according to Plaintiff, is insufficient under *Countrywide Home Loans, Inc. v. Taylor*, 843 N.Y.S.2d 495 (N.Y. Sup. Ct. 2007). A.R.S. § 33-811(B), however, states that a "trustee's deed shall constitute conclusive evidence of the meeting of [the requirements relating to the exercise of the power of sale and the sale of the trust property] in favor of purchasers or encumbrancers for value and without actual notice." The trustee's deed is provided in this case and constitutes evidence of regularity in the trustee's sale. *See* Dkt. ##36 at 2, 44-1.

Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," and instead must show sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Plaintiff has failed to allege facts that allow

---

[1] There seems to be some confusion as to whether Plaintiff is arguing that the statutes are invalid because they deprived her due process of law, or whether she is arguing that Defendants are liable for denying her due process of law. Defendants note that they are not state actors who can deny due process. Plaintiff responds that the Fourteenth Amendment should apply against Defendants. Dkt. #55. Ninth Circuit authority is clear, however, that the Fourteenth Amendment does not apply to private action. *See Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003); *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093 (9th Cir. 2003); *Geneva Towers Tenants Org. v. Federated Mortgage Investors*, 504 F.2d 483, 487 (9th Cir. 1974). All the cases to which Plaintiff cites are cases in which state action was involved, cases in which a state constitution and not the federal constitution was at issue, and/or state decisions which have no precedential effect on this Court. *See Oberholzer v. Comm'n on Judicial Performance*, 975 P.2d 663, 675 n.16 (Cal. 1999) (stating that the Fourteenth Amendment protects one's profession from abridgment by state action); *Metro. Trust Co. v. Jones*, 51 N.E.2d 256, 253-54 (Ill. 1943) (discussing the Illinois constitution); *see also People ex rel. Joyce v. Strassheim*, 90 N.E. 118 (Ill. 1909); *Christiansen v. Harris*, 163 P.2d 314 (Utah 1945); *Westinghouse Elec. Corp. v. County of Los Angeles*, 72 Cal.App.3d 32 (Cal. Ct. App. 1974); *Ferguson v. Winston*, 996 P.2d 841 (Kan. Ct. App. 2000).

the Court to draw a reasonable inference that the trustee's sale was illegal, particularly given the presumption of regularity mandated in A.R.S. § 33-811(B). As a result, the Court will grant Defendants' motion to dismiss.

## 2. Quality.

Quality argues that it is entitled to dismissal because it was the trustee that conducted the trustee's sale and, under A.R.S. § 33-807(E), a "trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust," and that "[i]f the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorneys fees." Dkt. #31 at 2. Plaintiff contends that Quality is a proper party "because of the violation of due process, violations of the fair debt collection practices linked to trustees duties and because plaintiff notified them of fraud." Dkt. #54 at 4. Plaintiff fails to explain why A.R.S. § 33-807(E) does not apply or how Quality breached its obligation under Chapter 6.1 of Title 33 of the Arizona Revised Statutes or the deed of trust. Instead she cites two cases from other jurisdictions that do not apply Arizona law. *See Lunsford v. Davis*, 254 S.W. 878 (Mo. 1923); *Blodgett v. Martsch*, 590 P.2d 298 (Utah 1978). Because she has failed to show how her complaint alleges that Quality breached its trustee's obligation under Arizona law or under the deed of trust, the Court will grant dismissal to Quality.

## IV. Plaintiff's Motion for Default Judgment.

Plaintiff has filed a motion for default judgment against Wells Fargo, Carrington Mortgage Loan Trust, Carrington Mortgage Loan Inc., and DOCX. Dkt. #47. The Court will deny the motion for default judgment. As the Court explained to Plaintiff in its order of February 17, 2010 (Dkt. #37), Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Obtaining default judgment under Rule 55 is a two-step process.

The first step is for the Clerk to enter the non-appearing party's default under Rule 55(a). For this to happen, Plaintiff must file an "application for default" against the non-appearing party with the Clerk. In this case, Plaintiff has filed an application for default,

but it is against four parties, two of whom have appeared in this case and are not in default. Because Wells Fargo and DOCX have appeared, *see* Dkt. ##31, 45, the Clerk cannot enter default against them. As a result, the entire current application for default must be denied (Dkt. #47). Should Plaintiff wish to seek default against any parties who still have not appeared, Plaintiff should file an application for default against each party individually.

The second step only occurs once the non-appearing party's default has been entered by the Clerk. When the Clerk has entered default, Plaintiff may file a motion under Rule 55(b) for default judgment against each party against whom default has been entered. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process under Rule 55). Entry of default judgment against a non-appearing defendant is at the Court's discretion pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court will consider in deciding whether to grant default judgment will include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). If Plaintiff files any motion for default judgment that does not address the *Eitel* factors, or if the Clerk has not entered default against the parties against whom default judgment is sought, the Court will deny the motion.

**IT IS ORDERED:**

1.   Defendants' motion to dismiss (Dkt. #16) is **granted**.

2.   Defendants' motion to dismiss (Dkt. #31) is **granted**.

3.   Plaintiff's motion for reconsideration (Dkt. #40) is **denied**.

4.    Plaintiff's application for default judgment (Dkt. #47) is **denied**.

DATED this 29th day of March, 2010.

David G. Campbell
United States District Judge