**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaShauna Coleman,<br><br>    Plaintiff,<br><br>v.<br><br>American Home Mortgage Servicing, Inc., et al.,<br><br>    Defendants. | No. CV 09-2692 PHX DGC<br><br>**ORDER** |

Plaintiff LaShauna Coleman has filed a "request for clarification on previous ruling." Dkt. #62. Plaintiff appears to be asking the Court to reconsider its orders of March 30, 2010 and March 31, 2010 (Dkt. ##58, 60).

**I.    Motion for Reconsideration.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct.15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See N. W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for

reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g., Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz .2003). Plaintiff has failed to show that any of these circumstances apply.

## II. Possible Contempt of Court.

Plaintiff's motion borders on contempt of court. She asserts that the Court "strives to find ways to assist the defendants in screwing plaintiff out of her life estate and rights," that the Court is acting "in pride and ego or exchange for a hefty payment," that the Court "may be seeing only green and 'black and white'" – apparent references to money and racism – and that "[t]his court commits fraud upon itself and the plaintiff." Dkt. #62 at 11-13. Plaintiff also states: "Didn't your mother teach you not to lie, cheat, steal, murder, rape and kill?" *Id.* at 13.

Such direct and intemperate attacks on a court constitute contempt. 17 C.J.S. *Contempt* § 27 ("Any act or conduct which shows disrespect for the dignity or authority of the court, or which obstructs or tends to obstruct, interrupt, prevent, or embarrass the administration of justice, constitutes contempt[.]"); *see also, e.g., In re Gordon*, 592 F.2d 1215 (1st Cir. 1979); *In re Gustafson*, 650 F.2d 1017 (9th Cir. 1981). As the Court stated to Plaintiff at the TRO hearing on February 11, 2010, however, the Court understands the difficulty Plaintiff is facing in the possible loss of her home. The Court attributes the accusatory nature of her motion to frustration over the possibly of that event, and therefore will not hold Plaintiff in contempt. The Court advises Plaintiff, however, that future filings in this Court or others should not contain the kind of inappropriate invective found in her motion.

**III.  Request to Amend.**

Plaintiff states in her motion that the Court should not dismiss this action without affording her an opportunity to amend her complaint. Plaintiff has not sought leave to amend. If Plaintiff wishes to amend her complaint, she should file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15 and should lodge a copy of her proposed amended complaint with the Court pursuant to Local Rule of Civil Procedure 15.1. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of undue delay, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Should Plaintiff file a motion to amend and lodge an amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

**IT IS ORDERED:**

1. Plaintiff's request for clarification on previous ruling (Dkt #62) is **denied**.

2. If Plaintiff seeks to file an amended complaint, she shall file a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure and LRCiv 15.1 by **May 21, 2010**.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge