**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaShauna Coleman,<br><br>  Plaintiff,<br><br>v.<br><br>American Home Mortgage Servicing, Inc., et al.,<br><br>  Defendants. | No. CV-09-02692-PHX-ROS<br><br>**ORDER** |

In this case, Plaintiff is attempting to sue a wide variety of entities based on the foreclosure of her property. On March 30, 2010, the Court dismissed multiple defendants. After that order, the only remaining defendants are Carrington Mortgage Loan Inc. and Carrington Mortgage Loan Trust (collectively "the Carrington Defendants"). As set forth below, Plaintiff's complaint does not present any cognizable claims against the Carrington Defendants and this case will be dismissed with prejudice.

**I.    The Carrington Defendants' Motion to Dismiss**

Carrington Mortgage Loan Inc. and Carrington Mortgage Loan Trust (collectively "the Carrington Defendants") have filed a motion to dismiss Plaintiff's amended complaint. The Carrington Defendants argue that they are entitled to dismissal for two reasons: (1) Plaintiff failed to serve them properly, and (2) Plaintiff has failed to state a claim against them pursuant to Rule 12(b)(6). Plaintiff, in response, contends the motion to dismiss should be denied because Plaintiff has filed a second amended complaint which supersedes the

previous complaint.[1] But as discussed below, Plaintiff's request for leave to file the second amended complaint will be denied. Thus, the amended complaint (Doc. 14) is still the operative complaint.

The Court will grant the Carrington Defendants' motion to dismiss the amended complaint. It is unclear whether Defendants were properly served. More importantly, however, it is clear that Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure and must be dismissed. As the Court stated in its order of March 30, 2010, it "cannot find that Plaintiff's first amended complaint 'give[s] the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest.' *Twombly*, 550 U.S. at 555 (2007). The complaint does not identify which causes of action are brought against which Defendants, does not state what each Defendant did to make it liable, and does not make clear what injury Plaintiff suffered because of each cause of action. Dismissal is appropriate[.]" (Doc. 58 at 5). As a result, even if the Carrington Defendants were properly served (an issue which is disputed by the parties), the complaint must still be dismissed for failure to state a claim under Rule 12(b)(6). The Carrington Defendants' motion to dismiss will be granted.[2]

## II. Plaintiff's Motion for Leave to File an Amended Complaint.

Plaintiff has filed a motion for leave to file an amended complaint. In the amended complaint, she seeks to add a claim under the "Racketeer Influenced and Corrupt Organizations Act (R.I.C.O)." She also seeks to add numerous Defendants, including Mark Collins and Magdalena Osborn, attorneys for several of the Defendants, two U.S. Marshals

---

[1] Plaintiff also argues the motion to dismiss should be stricken. Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff has failed to explain why the Carrington Defendants' motion should be stricken pursuant to this rule. Moreover, a motion to dismiss is not a pleading, but rather is a motion As a result, the motion to strike will be denied.

[2] Because the Court is dismissing the Carrington Defendants, Plaintiff's amended complaint no longer states a claim against any Defendants.

- 2 -

1 | who visited her at the request of this Court, as well as Judge Campbell.

Multiple Defendants oppose the motion for leave to amend. They argue that Plaintiff's motion should be denied because her lodged second amended complaint does not comply with Local Rule 15.1, because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and because it is futile given that it "reiterates the claims made in the original complaint." Defendants are correct.

As explained to Plaintiff in the orders of March 30, 2010 and April 29, 2010, the Federal Rules mandate that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Under this rule, vague references are insufficient and a complaint must give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Plaintiff's lodged second amended complaint falls far short of these requirements.

As with Plaintiff's previous complaints, it is unclear from the face of the proposed amended complaint which of the allegations are brought against which Defendants. Indeed, it is even more unclear in the proposed amended complaint than in the previous complaints given that Plaintiff has sought to add numerous individuals (such as defense counsel and Judge Campbell) who were not involved with the conduct complained of in the original complaint.

Plaintiff is correct when she notes that the purpose of Rule 15 is "to reinforce the principle that cases should be tried on the merits rather than technicalities of the pleadings." The policy in favor of amendments, however, is subject to limitations. The United States Supreme Court has established that motions to amend should not be granted if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, it is clear that the proposed amendment is futile given that it does not comply with Federal Rule of Civil Procedure 8. The request to amend must be denied.

Defendants ask the Court to dismiss Plaintiff's action with prejudice. "Dismissal with

1 prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In making a determination whether to dismiss with prejudice, the Court should consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* In this case, dismissal with prejudice is warranted. Plaintiff has failed to correct the deficiencies in her complaint, despite the fact that she has filed an original complaint and two amended complaints. Each of Plaintiff's amendments have been futile. Moreover, Defendants would suffer undue prejudice if they were required to respond yet again to Plaintiff's allegations. Dismissal with prejudice is appropriate.

**IV.    Quality and DOCX's Motion for Attorneys' Fees.**

Quality Loan Servicing Corporation ("Quality") and DOCX have filed a motion for attorneys' fees in the amount of $1,701 pursuant to A.R.S. § 33-807(E). Under that statute, a trustee should "only be joined as a party in legal actions" if the trustee is alleged to have breached its obligations under Arizona trustee law or under the deed of trust. A.R.S. § 33-807(E). The statute further states that if a "trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees." *Id.* In this case, Plaintiff has not alleged or explained how Quality, as Trustee, breached its obligations under the Deed or under Arizona law pertaining to trustee's duties. As a result, Quality is entitled to attorneys' fees under Arizona law.[3] *Id.* DOCX is not, however, entitled to attorneys' fees under A.R.S. § 33-807(E), because DOCX was not

---

[3] Plaintiff argues that Quality was not a trustee because the substitution of trustee document which named Quality as trustee was invalid. (Doc. 77 at 2-3, 5). As a result, she argues, Quality was never a valid trustee and is not entitled to attorneys' fees under A.R.S. § 33-807(E). It is clear, however, that Quality was named as the trustee for the sale of Plaintiff's property and that Quality conducted the trustee's sale in this matter. (Doc. 2 at 95; Doc. 2-1 at 2-5).

- 4 -

named as a trustee.

In examining Quality and DOCX's requests for attorneys' fees, the parties request the following fee amounts: $225 to attend the hearing regarding the temporary restraining order; $240 to receive and review Plaintiff's amended application for temporary restraining order and prepare Defendants' motion to dismiss; $225 to prepare and file Defendants' motion to dismiss; $345 to prepare for and attend the hearing regarding the temporary restraining order; $60 to prepare a response to the motion for default judgment; $75 to receive and review Defendants' reply to the motion to dismiss; $75 to receive and review the order granting the motion to dismiss; and $6 for counsel's parking at the temporary restraining order hearing.[4] (Doc. 72 at 4). Because these fees were incurred for both Quality, which served as trustee, and DOCX, which did not, an award of half the attorneys' fees requested is appropriate. Quality will be awarded $625.50.

**V. Conclusion.**

Plaintiff has also filed a motion to reassign this case to a different judge, to proceed with the case under seal, for a "certification to Arizona Attorney general that there is a constitutional challenge to a state statute," and to strike a motion to dismiss. Defendants American Home Mortgage Servicing, Inc., Sand Canyon Corporation, and Option One Mortgage Corporation (collectively "the Sand Canyon Defendants") have filed a motion for Rule 54(b) determination (Doc. 83). Because this case is being dismissed, these motions are moot and will be denied.

Accordingly,

**IT IS ORDERED** the Carrington Defendants' motion to dismiss (Doc. 82) is **GRANTED**.

---

[4] Quality and DOCX also request $150 to prepare and file the motion for award of attorneys' fees and $300 to prepare and file memorandum of points and authorities in support of the award for attorneys' fees. The relevant statute, however, does not expressly provide that a party is entitled to costs and attorneys' fees incurred by a party when attempting to establish its entitlement to fees and costs. A.R.S. § 33-807(E). Absent express statutory authorization, the Court will not award such fees.

1   **IT IS FURTHER ORDERED** Plaintiff's motion for leave to file an amended complaint (Doc. 73) is **DENIED**.

**IT IS FURTHER ORDERED** the motion for attorneys' fees (Doc. 61) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall pay Quality $625.50 within thirty days of this Order.

**IT IS FURTHER ORDERED** the motion to reassign case (Doc. 76), motion to proceed with the case under seal (Doc. 80), and the motion for Rule 54(b) determination (Doc. 83) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Plaintiff's motions to strike (Doc. 93, 107) and motion for certification (Doc. 104) are **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall terminate this action.

DATED this 18th day of August, 2010.

_____
Roslyn O. Silver
United States District Judge